UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
JUN 24 2005
CLERK

| | |
|---|---|
| CHARLOTTE JOHNSON, | Civil No. C1V05-5051 |
| Plaintiff, | |
| v. | COMPLAINT |
| INDUSTRIAL POWER, L.L.P., | |
| Defendant. | |

Charlotte Johnson, for her Complaint states as follows:

### I. JURISDICTION AND VENUE

1. This court has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. § § 1331 and 1343(a)(4). This civil action arises under the laws of the United States. Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § § 2000e et seq.

2. Venue herein is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3). Industrial Power, L.L.P. is an employer doing business within the State of South Dakota, and the unlawful employment practice of which Plaintiff is complaining was committed in the State of South Dakota.

### II. PARTIES

3. Plaintiff, Charlotte Johnson ("Ms. Johnson"), is an individual, and she resided in Wall, South Dakota at all times pertinent hereto. Plaintiff currently resides in Quincy, Illinois. Ms. Johnson was employed by Industrial Power L.L.P. ("Industrial Power") from approximately

June of 2003 until approximately March 18, 2004. Ms. Johnson was a receptionist, and she reported to and worked under the supervision of Sheridan Mathews.

4. Industrial Power has had its principal place of business at 711 Dorothy Street, City of Wall, County of Pennington, State of South Dakota. Based on information and belief, at all times pertinent hereto Industrial Power has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

5. Rodger Mathews is the owner and president of Industrial Power. Rodger Mathews is the father of Sheridan Mathews.

### III.   PROCEDURAL REQUIREMENTS

6. Ms. Johnson has complied with all the jurisdictional prerequisites to bring action under Title VII of the Civil Rights Act of 1964, as follows:

   a) On or about March 18, 2004, Industrial Power altered Ms. Johnson's terms and conditions of employment because of the policies, practices, customs and usage complained of herein.

   b) On or about March 19, 2004, Ms. Johnson contacted the South Dakota Division of Human Rights to register a complaint about Industrial Power.

   c) On or about April 14, 2004, Ms. Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C.A. § 2000e-5(b), (e). Such charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

d) On October 15, 2004, the South Dakota Division of Human Rights determined that there is reasonable cause to believe that Industrial Power has violated and continues to violate Title VII of the Civil Rights Act of 1964;

e) On October 26, 2004, the South Dakota Division of Human Rights determined that conciliation efforts had been unsuccessful and referred Ms. Johnson's charge to the South Dakota Human Rights Commission;

f) On December 2, 2004, Ms. Johnson requested a right-to-sue letter from the EEOC; and,

g) On or about March 28, 2005, less than 90 days prior to the filing of this complaint, the Equal Opportunity Commission issued to Ms. Johnson a notice of Right to Sue with respect to such charge of discrimination.

7. The incidents described in Part IV below were part of a continuing series of incidents of harassment which began on or about October 20, 2003 and which constituted a continuing violation of Ms. Johnson's Title VII rights, eventually forcing Ms. Johnson to cease employment with Industrial Power on March 18, 2004.

### IV. CLAIM FOR RELIEF -- HOSTILE ENVIRONMENT SEXUALHARASSMENT / CONSTRUCTIVE DISCHARGE

8. Ms. Johnson is a woman and as such is a member of a group protected under Title VII from discrimination on the basis of sex.

9. Commencing on or about October 20, 2003, and continuing on until Ms. Johnson ceased employment with Industrial Power on March 18, 2004, Sheridan Mathews, Ms. Johnson's supervisor at Industrial Power, engaged in a persistent pattern of severe and pervasive harassment involving unwanted sexual advances, sexually explicit comments and suggestions,

and requests for sexual favors, which created a hostile environment for Ms. Johnson in the workplace. This harassing behavior was sufficiently severe and pervasive to alter the conditions of Ms. Johnson's employment.

10. Ms. Johnson did not welcome the conduct described in paragraph 9.

11. Ms. Johnson was subjected to the harassment because of her sex.

12. The harassment described in paragraph 9 has a greater impact on persons of Ms. Johnson's gender in the workplace than on persons of the opposite sex.

13. The harassment adversely affected Ms. Johnson's psychological well-being.

14. The harassment unreasonably interfered with Ms. Johnson's work performance.

15. The harassment to which Ms. Johnson was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person in similar circumstances.

16. The abusive working environment became so intolerable that a reasonable person in like circumstances would have felt compelled to resign.

17. The sexual harassment at issue here was sufficiently widespread, pervasive, and prevalent in Industrial Power's workplace at all times pertinent hereto to charge Industrial Power with constructive notice of it.

18. Ms. Johnson provided Industrial Power with actual notice of this sexual harassment by informing Industrial Power's Office Manager, Norma Carson.

19. Norma Carson informed Industrial Power's owner and President, Rodger Mathews, of his son's harassing behavior, but Rodger Mathews took no action.

20. Industrial Power failed to investigate Ms. Johnson's complaint.

21. Industrial Power failed to take adequate remedial action.

22. Harassment continued to occur following Ms. Johnson's complaint.

23. Industrial Power did not have a sexual harassment policy.

24. Sheridan Mathews had the power to alter or affect the terms and conditions of Plaintiff's employment, as he was Ms. Johnson's direct supervisor.

25. Ms. Johnson sustained emotional suffering and injury attributable to the harassment, and other damages.

26. Industrial Power acted with malice or with reckless indifference to Ms. Johnson's federally protected civil rights and emotional and physical well-being.

WHEREFORE, Charlotte Johnson respectfully prays that this court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964;

2. Issue an order requiring Defendant, Industrial Power, L.L.P. to take steps to protect other employees similarly situated from the type of conduct described in Part IV, above, and from all other forms of harassment in the future.

3. Issue an order requiring Defendant, Industrial Power L.L.P. to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

4. Enter judgment against Defendant, Industrial Power, L.L.P. for all earnings, wages, front pay and back pay, and any other benefits that Ms. Johnson would have received but for the discriminatory practices of Industrial Power, in an amount to be determined by the jury at trial;

5. Enter judgment against Defendant, Industrial Power, L.L.P. for future pecuniary losses, emotional distress, mental pain and suffering, and inconvenience suffered by Johnson on account of the discriminatory practices of defendants, in amount to be determined at trial by the jury;

6. Enter judgment for punitive damages against Defendant Industrial Power, L.L.P., in an amount to be determined at trial by the jury;

7. Award Ms. Johnson the costs and disbursements of this action, including reasonable attorney's fees in accordance with 42 U.S.C. §§ 1988 & 2000e-5(k); and,

8. Grant such further relief as may be just and proper.

Dated this 24th day of June, 2005.

        BANGS, McCULLEN, BUTLER,
        FOYE & SIMMONS, L.L.P.

        By: _____
        ERIC J. PICKAR
        Attorneys for Plaintiff
        818 St. Joseph St.; P.O. Box 2670
        Rapid City, SD 57709
        (605) 343-1040

**PLAINTIFF DEMANDS TRIAL BY JURY UPON ISSUES OF FACT.**